IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

COVINGTON SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

vs.                                      Case No.: _____

GALICIA ROOFING AND PRESSURE
CLEANING, INC., OSMAR GALICIA, and
JACKELINE URIOSTEGUI OCAMPO, individually,
as Personal Representative for THE ESTATE of
ERVIN RODRIGO RAMIREZ HERRERA,
and on behalf of  JOSEPHINE ROMINA RAMIREZ
URIOSTEGUI, VICTORIA PALOMA RAMIREZ
URIOSTEGUI, LILIAN EDITH RAMIREZ CASTILLO,
and JOSE ALBERTO CORTES URIOSTEGUI,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

The Plaintiff, COVINGTON SPECIALTY INSURANCE COMPANY ("Covington"), by and through its undersigned counsel, files this Complaint for Declaratory Relief against the Defendants, GALICIA ROOFING AND PRESSURE CLEANING, INC., ("Galicia"), OSMAR GALICIA ("Osmar") and JACKELINE URIOSTEGUI OCAMPO, individually, as Personal Representative for the ESTATE of ERVIN RODRIGO RAMIREZ HERRERA, and on behalf of, JOSEPHINE ROMINA RAMIREZ URIOSTEGUI, VICTORIA PALOMA RAMIREZ URIOSTEGUI, LILIAN EDITH RAMIREZ CASTILLO, and JOSE ALBERTO CORTES URIOSTEGUI, ( "Ocampo"), and states as follows:

## GENERAL ALLEGATIONS

1

1. This is a declaratory judgment action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, for the purpose of determining an actual controversy between the parties with respect to an insurance policy issued by the Plaintiff, Covington, to the Defendant, Galicia.

2. Covington seeks a judgment declaring that it has no duty to defend or indemnify Galicia and Osmar with respect to the claims being asserted against Galicia and Osmar by Ocampo in the lawsuit styled *Estate of Ervine Rodrigo Ramirez Herrera, et al. v. Al Packer West, Inc., et al.*, Case No. CACE-19-009256, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, as described more fully below.

## PARTIES, JURISDICTION AND VENUE

3. The Plaintiff, Covington, is a surplus lines insurer incorporated in the State of New Hampshire with its principal place of business in the State of Georgia. Covington is, therefore, a citizen of both New Hampshire and Georgia.

4. The Defendant, Galicia, was at all time material to this Complaint a Florida corporation with a principal place of business in Palm Beach County, Florida.

5. The Defendant, Osmar, was at all times material to this Complaint a resident and citizen of the State of Florida.

6. Upon information and belief, the Defendant, Ocampo, was at all times material to this Complaint a resident and citizen of the State of Florida and the duly appointed Personal Representative for the Estate of Ervin Rodrigo Ramirez Herrera.

7. Complete diversity of citizenship exists between Plaintiff, Covington (New Hampshire and Georgia), and Defendants, Galicia, Osmar and Ocampo (Florida).

8. The amount in controversy exceeds $75,000.00, exclusive of costs, interest and attorneys' fees.

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.

10. Venue is proper in the United States District Court for the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. §1391(a), because the underlying lawsuit for which Covington seeks a declaration that it has no duty to defend or indemnify is pending in Broward County, Florida, which is within this District.

11. All conditions precedent to the institution of this action have occurred, been performed, or have been waived.

## FACTUAL ALLEGATIONS

12. Covington issued a Commercial General Liability Policy, Policy No. VBA572670, to Galicia, for the policy period September 26, 2017 to April 18, 2018 ("the Policy"). A copy of the Policy is attached as Exhibit 1.

13. On April 29, 2019, a lawsuit was filed against Galicia, Osmar and others, in the case styled *Estate of Ervine Rodrigo Ramirez Herrera, et al. v. Al Packer West, Inc., et al.*, Case No. CACE-19-009256, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "Underlying Lawsuit"). A copy of the Complaint for Wrongful Death is attached as Exhibit 2.

14. Ocampo has filed the Underlying Lawsuit individually, as the Personal Representative for the Estate of Ervin Rodrigo Ramirez Herrera (the "Estate") and on behalf of Ervin Rodrigo Ramirez Herrera's survivors, Josephine Romina Ramirez Uriostegui, Victoria

Paloma Ramirez Uriostegui, Lilian Edith Ramirez Castillo and Jose Alberto Cortes Uriostegui (the "Survivors").

15. In the Underlying Lawsuit, Ocampo alleges that Ervin Rodrigo Ramirez Herrera was asked to assist with a roof coating project at the Al Ford Packer West dealership located at 10601 Southern Boulevard, Royal Palm Beach, Florida, and, while he was on the roof, he stepped on a skylight, which gave way causing him to fall to the concrete floor below.

16. In the Underlying Lawsuit, Ocampo alleges that Galicia was hired by Therma Seal Roof Systems, LLC to perform work related to the roof coating project and that Osmar was and is the sole shareholder and principal operator, owner, manager and supervisor of Galicia.

17. Ocampo asserts claims against Galicia and Osmar for negligence and violation of statute.

18. Covington has agreed to defend Galicia and Osmar in the Underlying Lawsuit pursuant to a reservation of rights.

19. Covington asserts that it has no duty to defend or indemnify Galicia and Osmar with respect to the claims being asserted by Ocampo in the Underlying Lawsuit.

20. The plaintiff in the Underlying Lawsuit, Ocampo, has been named as a defendant in the present suit so that Ocampo, the Estate and the Survivors will be bound by the Court's ultimate decree.

## THE APPLICABLE INSURANCE POLICY

21. Covington issued a Commercial General Liability Policy to Galicia, Policy No. VBA572670, that is subject to limits of liability in the amount of $1,000,000 per occurrence.

22. The Policy Declarations describe Galicia's business as "Pressure Cleaning" and state that Galicia's classification is "cleaning outside surfaces of buildings."

23. The Policy's Commercial General Liability Coverage Form provides, in relevant part, as follows:

> **SECTION I - COVERAGES**
> **COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>       **(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
>
>       **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
>       No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.
>
>    \*\*\*
>
> **2. Exclusions**
>    This insurance does not apply to:
>
>    \*\*\*
>
>    **d. Workers' Compensation And Similar Laws**
>    Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
>
>    **e. Employer's Liability**
>    "Bodily injury" to:
>    **(1)** An "employee" of the insured arising out of and in the course of:

5

      **(a)**  Employment by the insured; or
      **(b)**  Performing duties related to the conduct of the insured's business; or
  **(2)**  The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

    This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

    This exclusion does not apply to liability assumed by the insured under an "insured contract".

\*\*\*

### SECTION II - WHO IS AN INSURED
**1.**  If you are designated in the Declarations as:

    \*\*\*

  **d.**  An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

    \*\*\*

**2.**  Each of the following is also an insured:
  **a.**  Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

    **(1)**  "Bodily injury" or "personal and advertising injury":

      **(a)**  To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the

       conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

  **(b)** To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph (1 )(a) above;

  **(c)** For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraph (1 )(a) or (b) above; or

\*\*\*

## SECTION V – DEFINITIONS

\*\*\*

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**6.** "Executive officer" means a person holding any of the officer positions created by your charter, constitution, bylaws or any other similar governing document.

\*\*\*

**10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

\*\*\*

**19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**20.** "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

\*\*\*

24. The Policy includes Endorsement GBA 106060 0914 titled "Contractors – Exclusions and Limitations Amendatory," which modifies the Policy to include a contracted persons exclusion that excludes coverage for:

> "Bodily injury", "property damage", "personal and advertising injury" or medical expenses sustained by any person who is:
> 1. Contracted with you or with any insured for services; or
>
> 2. Employed by, leased to or contracted with any entity that is contracted with:
> a. You or with any insured for services; or
> b. Others on your behalf for services.
>
> 3. The spouse, child, parent, brother, or sister of that person as a consequence of "bodily injury" or "personal and advertising injury" to that person described in B.1 ., B.2.a., or b. above.
>
> This exclusion applies:
> 1. Whether the insured may be liable as an employer or in any other capacity; and
> 2. To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> ***

25. The Policy includes Endorsement GBA 106015 1106, titled "Classification Limitation", which modifies the Policy to exclude coverage for "'bodily injury', 'property damage' or 'personal and advertising injury' for operations which are not classified or shown on the Commercial General Liability Coverage Part Declarations, its endorsements or supplements."

26. The Policy includes Endorsement GBA 106090 0212 titled "Exclusion – Injury to Volunteer Worker", which provides that "[t]his insurance does not apply to 'bodily injury' or 'personal and advertising injury' to any 'volunteer worker' whether or not a member of your organization, while in the course of their duties as such."

**COUNT I**
**(Declaratory Judgment)**

27. Covington realleges and incorporates by reference its allegations in paragraphs 1 through 26 above.

28. An actual, present and existing controversy has arisen between Covington and Galicia and Osmar as to Covington's obligations, if any, with respect to the claims being asserted against Galicia and Osmar in the Underlying Lawsuit.

29. Covington seeks a judicial declaration of no duty to defend or indemnify Galicia and Osmar based the Policy provisions, terms, exclusions and endorsements detailed above.

30. There is a bona fide, actual, present need for the declaration of Covington's rights and obligations under the Policy, if any.

31. This Court's declaration will confer certainty on the parties with respect to their rights, duties and obligations under the Policy and will, therefore, serve the interests of justice.

32. Covington has no adequate remedy at law.

33. Ocampo, as the plaintiff bringing the Underlying Lawsuit against Galicia and Osmar, individually as Personal Representative for the Estate and on behalf of the Survivors, is a putative third-party beneficiary of the Policy and is therefore required to be named as a party in this action.

34. For the reasons expressed above, there is no coverage for the claims Ocampo is asserting against Galicia and Osmar in the Underlying Lawsuit.

35. Ocampo is named herein so that Ocampo, the Estate and the Survivors will be bound by the Court's ultimate decree.

WHEREFORE, Covington demands judgment as follows:

That the Court enter a Declaratory Judgment declaring the rights, status, obligations and duties of the parties under Commercial General Liability Policy, No. VBA572670, including, but not limited to, the following:

A. Declaring that Covington has no duty to defend or indemnify Galicia and Osmar with respect to the claims being asserted in the Underlying Lawsuit;

B. Awarding Covington any such further relief in law or in equity to which it may be entitled.

Dated this 30th day of August, 2019.

TRAUB LIEBERMAN STRAUS
 & SHREWSBERRY LLP

/s/ *Michael K. Kiernan*
MICHAEL K. KIERNAN, Esq.
FBN: 391964
mkiernan@traublieberman.com
ASHLEY R. KELLGREN, Esq.
FBN: 86021
akellgren@traublieberman.com
First Central Tower
360 Central Avenue, Suite 1000
Post Office Box 3942
St. Petersburg, Florida 33701
(727) 898-8100 (Tel)
(727) 895-4838 (Fax)
Counsel for Plaintiff,
COVINGTON SPECIALTY INSURANCE COMPANY